**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-30395
Summary Calendar

FURNELL SEVERIN

Plaintiff - Appellant

v.

PARISH OF JEFFERSON, JUDGE FRED S. BOWLES, JUDGE H. CHARLES
GAUDIN, JUDGE CHARLES GRISBAUM, JUDGE EDWARD A. DUFRESNE,
JR., JUDGE THOMAS C. WICKER, JR., JUDGE SOL GOTHARD, JUDGE
JAMES L. CANELLA, JUDGE THOMAS J. KLIEBERT, JUDGE THOMAS F.
DALEY, JUDGE SUSAN M. CHEHARDY, JUDGE MARION F. EDWARD,
JUDGE CLARENCE E. MCMANUS, JUDGE WALTER J. ROTHSCHILD,
PETER J. FITZGERALD, Clerk of Court; JERROLD PETERSON, Central Staff
Director; KATHI WORKMAN, Assistant Central Staff Director; CAROL
TREUTING, Central Staff Secretary; CHERYL LANDRIEU, Law Clerk;
JENNIFER COOPER, Law Clerk; LESLIE LANGHETTER; Research Attorney;
UNIDENTIFIED PARTIES.

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-2766

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Furnell Severin ("Severin"), Louisiana prisoner #475683, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief. For the reasons stated below, we affirm.

## I. BACKGROUND

Severin, proceeding *pro se* and *in forma pauperis* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Parish of Jefferson, Judge Fred S. Bowles, Judge H. Charles Gaudin, Judge Charles Grisbaum, Judge Edward A. Dufresne, Jr., Judge Thomas C. Wicker, Jr., Judge Sol Gothard, Judge James L. Canella, Judge Thomas J. Kliebert, Judge Thomas F. Daley, Judge Susan M. Chehardy, Judge Marion F. Edwards, Judge Clarence E. McManus, Judge Walter J. Rothschild, Peter J. Fitzgerald, Jerrold Peterson, Kathi Workman, Carol Treuting, Cheryl Landrieu, Jennifer Cooper, Leslie Langhetter and other unidentified parties.

This case arose as a result of allegations which came to light after the suicide of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal. Before his death, Peterson wrote a letter to the judges of the Louisiana Fifth Circuit where he accused them of instituting a policy to circumvent Louisiana's constitutional requirement of three judge panels with respect to *pro se* prisoner post-conviction writs by having such filings submitted to one judge or a staff member who would issue a ruling concerning the writ application without review by a three judge panel. *See* LA. CONST. ART. V (each state Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the court.").

After Peterson's allegations were made public, many state prisoners claimed that their rights had been violated by the court's procedures and sought relief from the Louisiana Supreme Court. In response, the Louisiana Fifth

Circuit Court of Appeal unanimously adopted an en banc resolution where it asked the Louisiana Supreme Court to consider remanding those cases to it with direction that they be assigned to random three judge panels. *State v. Cordero*, 993 So. 2d 203, 206 (La. 2008). In its decision, on a writ application filed by a prisoner affected by the alleged constitutional violations of the Louisiana Fifth Circuit Court of Appeal, the Louisiana Supreme Court adopted the court of appeal's resolution. *Cordero*, 993 So. 2d at 205.

In his complaint, Severin claimed that he was denied his constitutional rights by the failure of the judges and employees of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when denying his *pro se* post-conviction writ application. *State v. Severin*, No. 06-KH0305 (La. App. 5th Cir. May 1, 2006). He does not allege that he sought relief pursuant to *Cordero*. In his report and recommendation, the magistrate judge recommended that all of Severin's claims against the judges and employees of the Louisiana Fifth Circuit Court of Appeal be dismissed as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief. The district court adopted the magistrate judge's report and recommendation.

## II. DISCUSSION

### A. Standard of Review

A prisoner's civil rights complaint should be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). We review a district court's § 1915A dismissal *de novo*. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). A complaint brought by a prisoner proceeding *in forma pauperis* may also be dismissed as frivolous when it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(I); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). Such dismissals are reviewed for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Because the magistrate judge referred to both § 1915A and § 1915(e) when he recommended dismissing Severin's suit as frivolous, the court will review the issues raised on appeal *de novo*. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

B.     Claim Against the Parish of Jefferson

In the caption of his complaint, Severin named the Parish of Jefferson as a defendant but stated no claim against the parish in the body of his complaint. Even if Severin had stated claims in the body of his complaint against the Parish of Jefferson, those claims would not have been cognizable because the parish government has no authority or control over the state appellate courts. As a result, any claim against the parish is frivolous.

C.     Claims Against Jerrold Peterson

In his lawsuit, Severin named Peterson as a defendant. "Federal law . . . relies on state law to determine if a party can be named as a defendant to a lawsuit. Louisiana law does not allow suits against the deceased." *Martinez v. United States*, Civ. Action No. 96-4072, 1998 WL 92248, at *2 (E.D. La. Mar. 2, 1998); *see also Campbell v. Travelers Ins.*, Civ. Action No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008). Peterson was deceased at the time Severin filed this action, therefore the claim against Peterson must be dismissed.

D.    Claims Against the Judges

Additionally, Severin named as defendants the above named judges of the Louisiana Fifth Circuit Court of Appeal. He sought monetary damages, declaratory relief, and injunctive relief.

### 1.    *Monetary Damages*

It is well established that judges enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice. *Stump v. Steward*, 435 U.S. 349, 355-56 (1978). Judicial immunity is clearly applicable in cases, such as the instant one, brought pursuant to 42 U.S.C. § 1983. *Steward*, 435 U.S. at 356; *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable. "First a judge is not immune from liability for non-judicial actions, i.e. actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions through judicial in nature, taken in the complete absence of all jurisdictions." *Mireless v. Waco*, 502 U.S. 9, 11 (1991).

Regarding the first exception, the Supreme Court has noted:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his official capacity.

*Steward*, 435 U.S. at 362. Here, the denial of Severin's writ application clearly involves a function normally performed by a judge, and by filing the writ application Severin was dealing with the judges in their official judicial capacities. In regards to the second exception, it is undisputed that the judges had jurisdiction over Severin's writ application.

Severin argues that judicial immunity is inapplicable because the judges acted beyond their authority by allegedly delegating that authority to a single judge or staff member. The Supreme Court, however, has held that judicial

immunity is not inapplicable simply because a judge acts beyond his authority. *See, e.g.*, *Steward*, 435 U.S. at 356. ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . "). The judges are protected from Severin's claim for an award of monetary damages by their absolute immunity.

### 2. Declaratory Relief

In his complaint, Severin claimed that because he is innocent of the crime of which he was convicted the judges violated his constitutional rights by failing to properly review his writ application challenging his conviction. While judicial immunity does not bar declaratory relief, Severin's request is nevertheless still barred because a careful review reveals that it is simply an attempt to challenge the validity of his current confinement, and as a result should be brought in a habeas corpus proceeding. *Holloway v. Walker*, 765 F. 2d 517, 525 (5th Cir. 1985); *Smith v. Judges of La. Fifth Circuit Court of Appeal*, Civ. Action No. 08-4350, 2009 WL 78430, at \*2 (E.D. La. Jan. 9, 2009); *Preiser v. Rodriguez*, 411 U.S. 475, 600 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Severin has a habeas petition currently pending in the district court, it is unnecessary for us to construe the complaint in part as a petition for habeas corpus. *Severin v. Cain*, Civ. Action No. 07-1541 "B" (4) (E.D. La.).

### 3. Injunctive Relief

In his complaint, Severin indicated that he is seeking injunctive relief but Severin's request is moot. The procedures which Severin complains of have been discontinued. Additionally, the Louisiana Fifth Circuit Court of Appeal did not have the last word with respect to his post-conviction claims. After that court denied his writ application, he sought review from the Louisiana Supreme

Court, which independently also denied his post-conviction claims. *State v. Severin*, 349 So. 2d 432 (La. 2007). Furthermore, in light of *Cordero*, Severin may be entitled to even further review of his post-conviction claims.

E.    Claims Against Remaining Defendants

The remaining defendants in this lawsuit are the employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges. Because they were only acting at the express direction of the judges, to assist them in carrying out their judicial functions, these defendants are likewise entitled to absolute judicial immunity with respect to Severin's claim for monetary damages. *See Mitchell v. McBryde*, 944 F. 23 229, 230-31 (5th Cir. 1991). A court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Clay v. Allen*, 242 F. 3d 679, 682 (5th Cir. 2001). To the extent that Severin seeks declaratory or injunctive relief with respect to the remaining defendants, those forms of relief are unavailable for the reasons previously discussed.

F.    State Law Claims

In his complaint, Severin also asserted claims under state law. Because Severin's federal claims were dismissed, the district court declined to exercise supplemental jurisdiction over his state law claims and dismissed them without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Bass v. Parkwood Hospital*, 180 F. 4d 234, 246 (5th Cir. 1999) (internal citations omitted) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However the dismissal should expressly be without prejudice so that the plaintiff may refile in the appropriate state court."). As we affirm the

dismissal of all of Severin's federal claim, no federal question remains before the district court and we find no error in its discretionary refusal to exercise supplemental jurisdiction over Severin's state law claims and dismissal of them without prejudice.

## III.  CONCLUSION

For the foregoing reasons, the district court's ruling is affirmed.