# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 26, 2010

Charles R. Fulbruge III
Clerk

No. 09-30701
Summary Calendar

JOHNNY RAY LUNA; LOUIE MAX SCHEXNAYDER, JR.; ERRAN GEORGE EVANS,

Plaintiffs-Appellants

v.

JUDGE THOMAS J. KLIEBERT, Louisiana Fifth Circuit Court of Appeals Judge and Estate; EDWARD A. DUFRENSE, JR., Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE H. CHARLES GAUDIN, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE CLARENCE E. MCMANUS, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE CHARLES GRISBAUM, Louisiana Fifth Circuit Court of Appeals Judge and Estate; THOMAS C. WICKER, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE SOL GOTHARD, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE FRED S. BOWES, Louisiana Fifth Circuit Court of Appeals Judge and Estate; GREG G. GUIDRY, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE WALTER J. ROTHSCHILD, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE THOMAS F. DALEY, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE JAMES L. CANNELLA, Louisiana Fifth Circuit Court of Appeals Judge and Estate, JUDGE MARION F. EDWARDS, Louisiana Fifth Circuit Court of Appeals Judge and Estate; JUDGE FREDERICKA H. WICKER, Louisiana Fifth Circuit Court of Appeals Judge and Estate; SUSAN M. CHEHARDY, Louisiana Fifth Circuit Court of Appeals Judge and Estate; PETER FRITZGERALD, Clerk of the Louisiana Fifth Circuit Court of Appeals and Estate; JERROLD B. PETERSON, Central Staff Director of the Louisiana Fifth Circuit Court of Appeals Judge and Estate,

Defendants-Appellees

No. 09-30701

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3853

---

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Johnny Ray Luna, Louisiana prisoner # 385808, Louie Max Schexnayder, Jr., Louisiana prisoner # 108097, and Erran George Evans, Louisiana prisoner # 232497, contest the dismissal of their 42 U.S.C. § 1983 civil-rights complaint as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief. Named as defendants were present and former judges and other court employees of the Louisiana Fifth Circuit Court of Appeal. Appellants claimed that, from 8 February 1994 to 21 May 2007, that court assigned a single judge to review all *pro se* writ applications in contravention of the State's constitution, which requires a court of appeal to "sit in panels of at least three judges". LA. CONST. art. V, § 8(A); *see also Severin v. Parish of Jefferson*, No. 09-30395, 2009 WL 4885161, at *1 (5th Cir. 16 Dec. 2009). Because the complaint was dismissed as frivolous under 28 U.S.C. § 1915A and § 1915(e) and for failure to state a claim, our review is *de novo.* *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

The district court concluded: to the extent appellants were suing defendants in their official capacities for monetary damages, those claims were barred by the Eleventh Amendment. Appellants do not address this ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, those monetary claims are abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In addition, the district court determined correctly that the judges are entitled to absolute immunity in their individual capacities. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996); *Severin*, 2009 WL 4885161, at *3. Appellants fail to address the basis for this dismissal of the individual-capacity claims against the remaining defendants. Accordingly, those claims are also abandoned. *See Brinkmann*, 813 F.2d at 748.

Appellants present no coherent challenge to the district court's ruling that they were not entitled to declaratory relief. Therefore, they have also abandoned that claim. *See id.* Nor have they shown that the district court abused its discretion in denying their request for injunctive relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Any perceived fear of future implementation of the prior writ procedure that Appellants may have harbored is speculative and insufficient to show a substantial threat of irreparable harm. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

Further, the district court did not abuse its discretion by dismissing Appellants' state-law claims, because all of the federal claims were properly dismissed. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999); 28 U.S.C. § 1367(c)(3).

Although Appellants maintain the court erred in failing to conduct a *Spears* hearing and in failing to appoint counsel, Appellants do not state what additional facts would have been elicited. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *abrogated by Neitzke v. Williams*, 490 U.S. 319 (1989). Appellants, therefore, have failed to show the requisite exceptional circumstances for warranting appointment of counsel. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The district court's dismissal of Appellants' complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See*

*Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996).  Appellants are warned that, if they accumulate three strikes under § 1915(g), they will not be allowed to proceed *in forma pauperis* in any civil action or appeal, unless they are under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.