# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2010

No. 09-31008
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT GUCCIONE,

Plaintiff-Appellant

v.

PARISH OF JEFFERSON; FRED S. BOWLES, Judge; JUDGE H. CHARLES GAUDIN; JUDGE CHARLES GRISBAUM; EDWARD A. DUFRESNE, JR., Judge; THOMAS C. WICKER, JR., Judge; JUDGE SOL GOTHARD; JAMES L. CANELLA, Judge; JUDGE THOMAS J. KLIEBERT; JUDGE THOMAS F. DALEY; SUSAN M. CHEHARDY, Judge; JUDGE MARION F. EDWARDS; JUDGE CLARENCE E. MCMANUS; JUDGE WALTER J. ROTHSCHILD; PETER J. FITZGERALD, Clerk of Court; JERROLD PETERSON, Central Staff Director; KATHI WORKMAN, Assistant Central Staff Director; CAROL TREUTING, Central Staff Secretary; SECRETARY TINA, Central Staff Secretary; SECRETARY ROZ, Central Staff Secretary; CHERYL LANDRIEU, Law Clerk; JENNIFER COOPER, Law Clerk; LESLIE LANGHETTER, Research Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-301

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robert Guccione, Louisiana prisoner # 187456, contests the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief. Named as defendants were present and former judges and other court employees of the Louisiana Fifth Circuit Court of Appeal. Guccione claimed that, from February 1994 to May 2007, that court assigned a single judge to review all pro se writ applications in contravention of the State's constitution, which requires a court of appeal to "sit in panels of at least three judges." LA. CONST. art. V, § 8(A); *see also Severin v. Parish of Jefferson*, No. 09-30395, 2009 WL 4885161, at *1 (5th Cir. Dec. 16, 2009). Because the complaint was dismissed as frivolous under 28 U.S.C. § 1915A and for failure to state a claim, our review is de novo. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

In the caption of his complaint, Guccione named the Parish of Jefferson as a defendant but stated no claim against the parish in the body of his complaint. Consistent therewith, Guccione advised the district court that he did not intend to sue the parish and asked that the parish be removed as a defendant. Accordingly, the district court properly dismissed the parish pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). Guccione does not challenge this dismissal.

Guccione also named as a defendant Jerrold Peterson, former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal. The district court determined correctly that the claim against Peterson, who was deceased at the time Guccione filed this action, was subject to dismissal because Louisiana law does not allow suits against the deceased. *See Severin*, 2009 WL 4885161, at *3; FED. R. CIV. P. 17(b). Guccione does not challenge this dismissal.

The district court also determined correctly that the present and former judges of the Louisiana Fifth Circuit Court of Appeal, who were sued in their individual capacities, are entitled to absolute immunity from Guccione's claim for monetary damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ."); *Severin*, 2009 WL 4885161, at *3. Moreover, although Guccione alleges criminal behavior and conspiratorial discrimination by the judges against pro se litigants, his conclusional unsupported allegations are based on personal belief and are insufficient to establish intentional discrimination. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

The remaining defendants in this lawsuit are the employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges. The district court determined correctly that because they were only acting at the express direction of the judges, to assist them in carrying out their judicial functions, those defendants are likewise entitled to absolute judicial immunity with respect to Guccione's claim for monetary damages. *See Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991).

Guccione presents no coherent challenge to the district court's ruling that he was not entitled to declaratory or injunctive relief against any of the defendants. He therefore has abandoned those claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Further, the district court did not abuse its discretion by dismissing Guccione's state law claims, because all of the federal claims were properly dismissed. *See* 28 U.S.C. § 1367(c)(3); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). However, a dismissal without prejudice would have been appropriate in this case. *Bass*, 180 F.3d at 246. Accordingly, the judgment is affirmed as modified to reflect that the dismissal of Guccione's state law claims is without prejudice. *See, e.g., Hamill v. Wright,* 870 F.2d 1032, 1038 (5th Cir. 1989).

AFFIRMED AS MODIFIED.