# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

No. 25-50517
Summary Calendar

———————

Matthew Andrew Garces,

*Plaintiff—Appellant*,

*versus*

United States Department of Justice, *Civil Rights Division*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-252

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Matthew Garces, appearing pro se and in forma pauperis, sued Defendant-Appellee the United States Department of Justice, Civil Rights Division (Division), for allegedly failing to investigate Garces's complaint of disability discrimination. After conducting a plain-error review of a magistrate judge's report and recommendation, the district court

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50517

dismissed the suit with prejudice. Applying the same standard of review here, we find no plain error and AFFIRM.

Garces is a frequent pro se filer in the United States District Court for the Western District of Texas.[1] The present appeal is an offshoot of a previously dismissed case, where Garces alleged disability discrimination by a state-court judge and probation officer overseeing the terms of his probation.[2] In addition to that case, Garces lodged a separate complaint with the Division under the Americans with Disabilities Act (ADA). The Division declined to take direct action on his complaint, so Garces sued it for what he contends was an unlawful failure to investigate under the ADA. In addition to mentioning the ADA, Garces's complaint asserts constitutional claims against the Division and two non-parties—the above-mentioned state-court judge and probation officer.[3]

Garces sought leave to proceed in forma pauperis, which prompted a magistrate judge to screen his complaint under 28 U.S.C. § 1915(e).[4] On March 27, 2025, the magistrate judge concluded Garces's complaint failed to state a claim for two reasons. First, no cause of action exists to compel the Division to prosecute an action; second, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[5] The

---

[1] *See Garces v. Biery*, No. 25-50648, 2025 WL 3034705, at *1 n.1 (5th Cir. Oct. 30, 2025) (per curiam); *Garces v. Rossbach*, No. 25-CV-441, 2025 WL 2544022, at *2 (W.D. Tex. Sep. 4, 2025).

[2] *See Garces v. Bondi*, No. 25-50359, 2025 WL 2375410, at *1 (5th Cir. Aug. 15, 2025) (per curiam).

[3] Garces did not brief the non-ADA claims on appeal, so forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397, 397 n.1 (5th Cir. 2021).

[4] *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of pauper suit that is either frivolous or malicious; fails to state a viable claim; or seeks damages from an immune party).

[5] *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981).

magistrate judge ordered Garces to amend his complaint by April 28, 2025, to state a "plausible, non-frivolous claim for relief and addressing the issues set out in this Order." The Order warned Garces that failure to amend "may result in dismissal of his case for failure to comply with the Court's orders."

Garces did not amend his complaint so, on May 30, 2025, the magistrate judge issued a report recommending dismissal. In it, the magistrate judge advised Garces that he could object to the report and recommendation within 14 days, and cautioned that untimely objections would forfeit de novo review by the district court and limit appellate review to plain error.[6] Garces did not object within 14 days. Noting the absence of timely objections, the district court on June 24, 2025, conducted a plain-error review of the report and recommendation and, finding none, accepted the recommendation. A final judgment of dismissal entered the same day. Garces then appealed.

Ordinarily, our review would be de novo.[7] But where, as here, "a party who is warned of the requirement to file timely objections to a magistrate judge's report and recommendation fails to file any such objections, and the magistrate judge's factual findings and legal conclusions are accepted by the district court, our review is for plain error."[8] Under this standard, Garces "must show 1) that an error occurred; 2) that the error was plain, which

---

[6] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

[7] *See Guccione v. Par. of Jefferson*, 382 F. App'x 357, 358 (5th Cir. 2010) (per curiam) (reviewing dismissal of complaint under all three sections of § 1915(e)(2)(B) de novo).

[8] *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017) (internal citations omitted); *see also Douglass*, 79 F.3d at 1428–29; *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) (per curiam) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (cleaned up)).

means clear or obvious; 3) the plain error must affect substantial rights; and 4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings."[9]

Garces's appeal does not satisfy any of these considerations. He identifies no error and cites no clear or obvious law the district court disregarded, which obviates questions about his substantial rights or any impact on the fairness of judicial proceedings. Briefly, Garces contends that 28 C.F.R. § 35.172(b) imposes a "non-discretionary duty" on the Division to investigate ADA complaints and, further, that he may move under the Administrative Procedures Act (APA) to enforce this alleged non-discretionary duty. But the regulation Garces cites does not create a right of action to compel specific investigative actions by the Division. And Garces did not assert an APA claim in the district court, so we decline to consider one on appeal.[10] Having found no plain error, the district court's Final Judgment is AFFIRMED.

---

[9] *Septimus v. Univ. of Hous.*, 399 F.3d 601, 607 (5th Cir. 2005).

[10] *See Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372, 381 (5th Cir. 2012) ("The Fifth Circuit has a virtually universal practice of refusing to address matters raised for the first time on appeal." (cleaned up)).