United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40529
Summary Calendar

_____

CHARLOTTE MANOR

Plaintiff - Appellant

v.

TEXAS SUPREME COURT JUSTICES, RONALD WALKER, Chief Justice,
ROBERT TRAPP, Judge, 411th Judicial Court, San Jacinto County,
LINDA GOOD, East Texas Legal Aid

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-32
--------------------

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charlotte Manor appeals the dismissal of her 42 U.S.C.
§ 1983 action for lack of subject-matter jurisdiction pursuant to
FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon
which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).
Because Manor's alleged deprivation of constitutional rights
arose solely from the state-court divorce and child custody
proceeding and was "inextricably interwined" with the state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's judgment, the district court did not err in dismissing it in part for lack of subject-matter jurisdiction. <u>See</u> <u>Davis v. Bayless</u>, 70 F.3d 367, 375 (5th Cir. 1995); <u>see</u> <u>also</u> <u>Musslewhite v. State Bar of Texas</u>, 32 F.3d 942, 946 (5th Cir. 1994). Because the state judges were entitled to absolute immunity from liability and Manor did not allege that they acted in the absence of all jurisdiction, the district court did not err in dismissing Manor's complaint in part for failure to state a claim upon which relief may be granted. <u>See</u> <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1124 (5th Cir. 1993). Manor's appeal is without arguable merit and, therefore, is DISMISSED as frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); <u>see</u> 5TH CIR. R. 42.2. Manor's motion for appointment of counsel is DENIED. Manor's motion for an extraordinary writ that the "agreed decree of divorce" be voided and held unenforceable is also DENIED.

APPEAL DISMISSED; MOTIONS DENIED.