**REVISED MAY 5, 2014**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50557
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

JOHN DAVID MOORE,

Plaintiff - Appellant

v.

TEXAS COURT OF CRIMINAL APPEALS; JUDGE SHARON KELLER, Presiding Judge; JUDGE LAWRENCE E MYERS, Place 2; JUDGE TOM PRICE, Place 3; JUDGE PAUL WOMYACK, Place 4; JUDGE CHERYL JOHNSON, Place 5; JUDGE MICHAEL E. KEASLER, Place 6; JUDGE BARBARA P HERVEY, Place 7; JUDGE ELSA ALCAIA, Place 8; JUDGE CATHY COCHRAN, Place 9,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-529

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant John David Moore appeals the dismissal of his 42 U.S.C. § 1983 claim against Defendants-Appellees Texas Court of Criminal Appeals and its sitting judges. For the following reasons, we AFFIRM the district court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2012, Plaintiff-Appellant John David Moore filed a *pro se* complaint in federal court against Defendants-Appellees Texas Court of Criminal Appeals ("CCA"), the CCA's nine sitting judges, the Denton County Commissioner's Court ("DCCC"), and the DCCC's County Judge and four commissioners.[1] In his complaint, Moore alleged that the defendants[2] violated his rights under the Fourteenth Amendment by not reviewing his petition for writs of habeas corpus and prohibition. He asserted that the CCA had a "policy, practice and procedure that clearly denied Plaintiff . . . a fair and impartial review of his State habeas application . . . and Writ of Prohibition" in violation of the Fourteenth Amendment. He asserted that the DCCC had a "policy, practice and procedure that allowed the 16th District Court judge to deny a criminal defendant the right to a fair and impartial jury trial where reasonable doubt exist[ed] concerning the convicted offense." Moore sought

---

[1] Although Moore named the DCCC in his complaint, the district court docket sheet does not list the DCCC as a party. Regardless, in a motion filed with our court, Moore moved to dismiss the DCCC, County Judge, and commissioners. The circuit clerk dismissed the County Judge and commissioners, but took no action with respect to the DCCC because the DCCC was not a party due to its exclusion from the district court docket sheet. Because Moore moved to dismiss the DCCC and does not challenge any actions of the DCCC, we deem the DCCC not to be a party to this appeal.

[2] Moore listed the CCA and DCCC as "Defendant #1" and Defendant #2," respectively, in the body of his complaint. Although he named the individual judges and commissioners in the case caption, he did not allege in his complaint that these individual defendants were responsible for any of the constitutional violations he asserted.

No. 13-50557

declaratory and injunctive relief, "securing [his] right to a proper review of the claims within both habeas application and/or writ of prohibition."

The CCA moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that it was entitled to judicial, sovereign, and Eleventh Amendment immunity. The CCA also argued that the complaint was barred by the *Rooker-Feldman* doctrine, which prevents federal courts from adjudicating claims in which the plaintiff seeks to overturn a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). CCA asserted that the suit was barred under *Rooker-Feldman* because it amounted to a collateral attack on a state court decision. Finally, CCA argued that Moore's request for equitable relief should be denied because he failed to show that he does not have an adequate remedy at law.

The district court referred the matter to a magistrate judge, who issued his Report and Recommendation on January 2, 2013. The magistrate judge recommended dismissing the case against both defendants on multiple grounds. The magistrate judge "conclude[d] Plaintiff's claims are collateral attacks on final state court judgments and proceedings inextricably intertwined with final state court proceedings." Therefore, the *Rooker-Feldman* doctrine applied and the court should decline to exercise jurisdiction. The magistrate judge concluded that the CCA was "not entitled to immunity from Plaintiff's claims for injunctive and declaratory relief," since state officials and agencies are not protected from suit for injunctive relief under the Eleventh Amendment. Finally, the magistrate judge determined that Moore had an adequate remedy at law available to him, in the form of a writ of habeas corpus in federal court. As a result, Moore "failed to show the necessary

3

requisites for a grant of non-monetary relief," and the magistrate judge recommended that the motion to dismiss should be granted.

Moore filed objections to the Report and Recommendation. The district court approved and accepted the Report and Recommendation on May 20, 2013, granting CCA's motion to dismiss and ordering Moore's claims dismissed with prejudice.

Moore filed a notice of appeal, which arrived one day late due to his use of the zip code for the district court's prior federal courthouse, rather than its new one. He filed a subsequent motion for leave to file a notice of appeal, explaining the circumstances surrounding the late filing, along with a second notice of appeal. The district court construed Moore's motion as a motion to extend time to file a notice of appeal, and granted it, finding that he had shown good cause or excusable neglect for extending the time to file a notice of appeal.[3]

Pursuant to Moore's motion to dismiss, on November 19, 2013, the circuit clerk dismissed County Judge Horn and the individual commissioner defendants.

## II.    STANDARD OF REVIEW

We review de novo a district court's dismissal of a claim for lack of subject matter jurisdiction. *Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 345, 349 (5th Cir. 2003). We likewise review de novo a district court's dismissal of a claim pursuant to Rule 12(b)(6). *Id.*

## III.    ANALYSIS

---

[3] The filing of two notices of appeal resulted in this case being assigned a second case number, No. 13-50576. Our resolution of the present matter resolves both matters.

No. 13-50557

Moore argues that the district court erred by finding that the *Rooker-Feldman* doctrine applied, that he is entitled to equitable relief because he has shown that he has no adequate remedy of law available to him, and that the district court erred by relying on Rules 12(b)(1) and 12(b)(6) to dismiss his claims. We conclude that Moore's arguments are unmeritorious, and we affirm the judgment of the district court.

Moore argues that *Rooker-Feldman* is inapplicable. He contends that "his § 1983 civil suit was not a collateral attack on a state court judgment[,] as no state court judgment exist[s] addressing or resolving the issue of whether [Moore] was denied his civil rights and entitlement to Due Process." Similarly, he asserts that his "claims seeking injunctive and declaratory relief cannot be 'inextricably intertwined' with his claims . . . alleging a denial of his civil rights as of this date [because] no state court judgment has been rendered or entered as to whether Appellant was denied his civil rights by the Texas criminal court system."

Appellees argue that Moore's suit amounts to a collateral attack on a state court judgment, and that he cannot avoid the *Rooker-Feldman* doctrine "by characterizing his allegations a[s] a civil rights complaint." We agree.

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Our precedent holds that "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights

action cannot circumvent this rule . . . ."). This principle is not "limited to actions . . . which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief." *Hale*, 786 F.2d at 691 (quoting *Feldman*, 460 U.S. at 482 n.16) (alteration in original). As the Supreme Court explained in *Feldman*, claims presented to a federal district court are inextricably intertwined with a state court's judgment when "the District Court is in essence being called upon to review the state court decision. This the District Court may not do." 460 U.S. at 482 n.16.[4] Rather, "[j]udicial errors committed in state courts are for correction in the state court systems . . . ; such errors are no business of ours." *Hale*, 786 F.2d at 691.

Here, Moore's request for declaratory and injunctive relief, "stripped to essentials, is an attack on the judgment of the state [court]." *Liedtke*, 18 F.3d at 318. Moore's allegations are that the CCA and its judges denied him "a fair and impartial review of his State habeas application" and writ of prohibition on multiple grounds. These allegations called for the federal district court to evaluate the CCA's judgment, which the district court "may not do." *Feldman*, 460 U.S. at 482 n.16. Moore's § 1983 suit, "which arises from the state proceeding, is 'inextricably intertwined' with that judgment." *Liedtke*, 18 F.3d at 318. The only proper recourse for Moore is with the United States Supreme Court; he cannot file a complaint in the federal district court challenging the state court's judgment. *See id.* Therefore, "[w]e have no alternative but to affirm the decision of the federal district court dismissing [Moore's] claims for

---

[4] As we recently explained in *Truong v. Bank of America, N.A.*, 717 F.3d 377, 385 (5th Cir. 2013), "numerous federal courts of appeal have recognized that 'inextricably intertwined' does not enlarge the core holding of *Rooker* or *Feldman*." Unlike the plaintiff in *Truong*, however, Moore's claims are not "independent claims" for purposes of the *Rooker-Feldman* doctrine. *See id.*

lack of jurisdiction." *Id.*[5]   Because we conclude that the *Rooker-Feldman* doctrine bars Moore's claims, the district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction was not in error.

Moore's other arguments are unavailing.  He cites *Pulliam v. Allen*, 466 U.S. 522, 540 (1984), for the proposition that "nothing in the legislative history of § 1983 or in this Court's subsequent interpretations of that statute supports a conclusion that Congress intended to insulate judges from prospective collateral relief."  This statement reflects the rule, noted *supra*, that a judge is not immune to a suit seeking injunctive relief.  The magistrate judge noted this rule in recommending that Moore's claim not be dismissed on judicial immunity grounds.  The rule has no bearing on the applicability of the *Rooker-Feldman* doctrine here.

Lastly, because we conclude that there is no subject matter jurisdiction under the *Rooker-Feldman* doctrine, we do not reach Moore's arguments that equitable relief is appropriate and that the jury did not find him guilty beyond a reasonable doubt on each of the grounds for which he was found guilty.

## IV.   CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[5] *See also Price v. Porter*, 351 F. App'x 925, 926–27 (5th Cir. 2009) (dismissing under *Rooker-Feldman* because complaint asserting that state court judge should have been recused and challenging validity of outcome in state court proceedings was a collateral attack on the state court's judgment); *Manor v. Tex. Supreme Court Justices*, 76 F. App'x 520, 521 (5th Cir. 2003) ("Because Manor's alleged deprivation of constitutional rights arose solely from the state-court divorce and child custody proceeding and was 'inextricably inter[t]wined' with the state court's judgment, the district court did not err in dismissing it in part for lack of subject-matter jurisdiction.").