# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

No. 19-50318
Summary Calendar

In the Matter of: HELSON PACHECO,

> Debtor

PERMULA CORPORATION,

> Appellant

v.

HELSON PACHECO,

> Appellee

Appeal from the United States District Court for the
Western District of Texas
USDC No. 3:18-CV-288

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Appellant Permula Corporation ("Permula") appeals the district court's

dismissal of its appeal from the Bankruptcy Court's dismissal of its "Adversary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50318

Complaint to Determine Dischargeability" ("Complaint") for want of prosecution.  For the reasons set forth herein, we AFFIRM.

## I. BACKGROUND

Appellee Helson Pacheco ("Pacheco") and his ex-wife, Wilma Luquis-Aponte, borrowed approximately $800,000.00 from Permula which were used to purchase a house in El Paso, Texas.[1]  The house Pacheco and his ex-wife purchased with the loan funds was later lost to El Paso county to recover unpaid real property taxes.  Pacheco eventually filed Chapter 7 bankruptcy in the Western District of Texas.  Permula objected to the dischargeability of this debt. In the course of this bankruptcy proceeding, Permula experienced struggles retaining counsel for the duration of the proceedings.

Permula's first attorney and Pacheco filed a joint motion to modify the scheduling order to extend the deadlines for discovery.  After the court granted this motion at the end of January 2018, Permula's first attorney orally withdrew as Permula's counsel.  He did not file a motion to withdraw until several months after Permula's second attorney filed his designation as counsel of record.  Permula filed a motion seeking leave to amend its complaint in order to include Pacheco's ex-wife's debt, under the guise of judicial economy, as additional grounds to challenge the dischargeability of Pacheco's debt.  In the motion, Permula conceded that the motion was filed after the discovery deadline set in the modified scheduling order.  Then, in April 2018, the parties jointly moved to modify the scheduling order a second time, which the bankruptcy court granted.

The bankruptcy court denied Permula's motion to amend the complaint. Pacheco then filed his proposed pre-trial order a couple of months later on August 8, 2018.  On that same day, Permula's second attorney filed a motion

---

[1] Wilma Luquis-Aponte was not a party to the bankruptcy.

No. 19-50318

to withdraw as Permula's counsel.  He later provided the bankruptcy court with Permula's last known address on August 16, 2018.  On that same day, the bankruptcy court issued an order requiring Permula to do the following by August 31, 2018: (1) retain a licensed attorney to represent Permula in the adversary proceeding who had to file a notice of appearance in the proceeding; (2) file a proposed pre-trial order with the court through said licensed attorney; and (3) file proposed findings of fact and conclusions of law with the court, through said licensed attorney.  The court provided notice to Permula that the adversary proceeding would be dismissed for Permula's failure to comply with any of those requirements.  August 31, 2018 came and went with no pre-trial order filed by Permula. On September 4, 2018, the bankruptcy court dismissed the adversary proceeding for want of prosecution.

After failed attempts to initiate a new proceeding in the bankruptcy court, Permula's third attorney filed a timely notice of appeal in the district court on October 2, 2018.  After a late filing of the "Designation of Contents of the Record and Statement," the district court clerk docketed the appeal on November 30, 2018.  Pacheco's attorney filed a motion to dismiss the appeal on January 25, 2019 because there was no appellate briefing for Permula filed on record. The district court granted Pacheco's motion to dismiss.  Permula timely appealed the district court's grant of dismissal to this court.

## II. STANDARD OF REVIEW

We review a district court's actions in its appellate role for an abuse of discretion.  *In re Cleveland Imaging & Surgical Hospital, L.L.C.*, 690 F. App'x 283, 286–87 (5th Cir. 2017).

## III. DISCUSSION

The Federal Rules of Bankruptcy Procedure govern this appeal. Rule 8018(a)(1) states that, when appealing a bankruptcy decision to the district court, an appellant has 30 days to serve and file its brief with the court after

3

the record on appeal has been transmitted or made electronically available. FED. R. BANKR. P. 8018(a)(1). In the event that the appellant fails to timely file its brief, the appellee has the option to move for dismissal. FED. R. BANKR. P. 8018(a)(4). As we have stated before, "[b]ankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed." *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985) (footnotes and citations omitted); *see also In re Cleveland Imaging*, 690 F. App'x at 287.

Here, the appellant did not timely file its brief with the district court. The bankruptcy rules allow the appellee to move for dismissal when this occurs. *See* FED. R. BANKR. P. 8018(a)(4). It is clear that Permula struggled to retain counsel for the duration of the bankruptcy proceedings. However, Permula retained counsel toward the end of those proceedings and for the duration of the appeal to the district court. There was no reason for Permula to miss the filing deadline. Furthermore, as the district court noted in its opinion, it did not issue an order excusing the late filings. Thus, this appeal was properly dismissed. Given those facts and the district court's application of the correct law, we hold that the district court did not abuse its discretion.

## IV. CONCLUSION

For the aforementioned reasons, we AFFIRM.