# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2022

Lyle W. Cayce
Clerk

No. 21-20446
Summary Calendar

Paul Nunu,

*Plaintiff—Appellant*,

*versus*

State of Texas; Honorable Michael B. Newman;
Honorable Jason A. Cox; Charles L. Nunu; Nancy Nunu
Risk; Howard M. Reiner,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-128

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Since 2014, Appellant Paul Nunu has been embroiled in litigation with his siblings Charles and Nancy regarding administration of their late mother's estate. After years of proceedings in Texas probate court, during

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

which Paul's appeals reached the Fourteenth Court of Appeals at least seven times, Paul was declared a vexatious litigant in 2018 pursuant to TEX. CIV. PRAC. & REM. CODE § 11.054, a declaration upheld on appeal. *See Nunu v. Risk*, 567 S.W.3d 462 (Tex. App.—Houston [14th Dist.] 2019, pet. denied), *cert. denied*, 140 S. Ct. 1110 (2020), *reh'g denied*, 140 S. Ct. 2706 (2020).

In January 2021, Paul initiated the present litigation in U.S. district court. He sought "damages for the unlawful conversion of [his] inheritance from an independent administration to a dependent administration" and "the continuing diminution of [his mother's] estate due to gross neglect of dependent administrator," a declaration that "the Vexatious Litigant Statutes" are unconstitutional, and "a permanent injunction barring the State of Texas and the Probate Courts' enforcement." He also requested that the district court "declar[e] void" the Texas courts' orders declaring Paul a vexatious litigant and directing him to pay other parties' attorney fees, as well as the Texas appellate judgments affirming such orders. The district court dismissed Paul's suit in its entirety for lack of jurisdiction, holding that all of his claims were barred by the *Rooker-Feldman* doctrine. *See* No. H-21-128, 2021 WL 3054807 (S.D. Tex. July 20, 2021). Paul appealed. We AFFIRM, albeit for slightly different reasons than those relied upon by the court below.

I

The *Rooker–Feldman* doctrine holds that inferior federal courts lack jurisdiction "to modify or reverse state court judgments' except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). "A state court judgment is attacked for purposes of Rooker–Feldman when the federal claims are inextricably intertwined with a challenged . . . judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."

*Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (cleaned up) (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 350 (5th Cir. 2003); *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). *Rooker-Feldman* reflects an understanding that errors in state proceedings are to be "corrected by . . . state appellate court[s]. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari" to the U.S. Supreme Court. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

It is clear at the outset that the district court rightly relied on the *Rooker-Feldman* doctrine in dismissing many of Paul's claims. His demand for "damages for the unlawful conversion of [his] inheritance" and "diminution of [his mother's] estate" is, in substance, an improper "collateral attack[]" on the Texas probate court's judgment—which, according to Paul's theory, is itself the act of unlawful conversion. *Id.* Similarly, Paul's demand that the district court "declar[e] void" the Texas courts' vexatious-litigant orders, attorney fees award, and appellate judgments affirming them, is an attempt at modification of state judgments via a collateral federal suit—precisely the type of action forbidden by the *Rooker-Feldman* doctrine. Regardless of whether Paul properly pressed his constitutional challenge to the vexatious-litigant orders during state proceedings, he cannot now advance that challenge in federal court because any such "'constitutional claim[]'" is "'inextricably intertwined' with the state court's judgment" and thus barred by *Rooker-Feldman. Richard*, 355 F.3d at 351 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 n.16 (1983)). *See Liptak v. Banner*, 67 F. App'x 252 (5th Cir. 2003) (constitutional challenge to Texas court's vexatious-litigant order was intertwined with state

judgment and thus barred by *Rooker-Feldman* in subsequent federal suit).[1]

Attempting to sidestep *Rooker-Feldman*, Paul argues that an exception to the doctrine allows for collateral review of state court judgments that are void *ab initio* for lack of jurisdiction. "This court has neither endorsed nor rejected [this] exception," and "[o]ur sister circuits are split on the issue." *Matter of Cleveland Imaging & Surgical Hosp., L.L.C.*, 690 F. App'x 283, 286 (5th Cir. 2017). We need not resolve the split here, however, because even if we were to adopt this exception, "the cases that . . . recognize" it "indicate that it is presently limited to the bankruptcy context." *Houston v. Venneta Queen*, 606 F. App'x 725, 733 (5th Cir. 2015). What is more, Paul's basis for contesting the Texas courts' jurisdiction is that the vexatious litigant statute is unconstitutional. But a judgment is not void simply because it applied an unconstitutional statute. Under Texas law (which governs whether Texas judgments are subject to collateral attack in federal court, *see United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)), "a judgment is void and subject to collateral attack only where it was rendered without 'jurisdictional power' in the sense of lack of subject matter jurisdiction. . . . [T]he mere fact that [a judgment] is contrary to a statute, constitutional provision or rule of civil or appellate procedure" does not make it void. *Matter of Gober*, 100 F.3d 1195, 1203 (5th Cir. 1996) (cleaned up) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)). Hence, even if we were to recognize an exception to *Rooker-Feldman* for state judgments that are void *ab initio*, Paul could not avail himself of it because the Texas judgments he attacks are not void.

## II

Paul also seeks a declaration that Texas' vexatious litigant statute is

---

[1] While unpublished cases issued after January 1, 1996 are not binding, they may serve as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

"facially unconstitutional" and a permanent injunction barring the law's enforcement. As the district court correctly recognized, the *Rooker-Feldman* doctrine bars collateral challenges to state judgments, but does not bar facial challenges to the underlying rules of law on which those judgments are based. *See Truong*, 717 F.3d at 382. The district court nonetheless held that this qualification did not help Paul because his allegations did not set forth a facial challenge, but rather stemmed only "from the vexatious litigant statute's application to him." 2021 WL 3054807, at *4. We disagree. Paul's complaint calls the statute "facially" unconstitutional at least five times, and requests prospective declaratory and injunctive relief against the law's enforcement. These claims are not barred by *Rooker-Feldman*, and the district court should have recognized as much. Nevertheless, we may affirm the district court's judgment on any ground supported by the record, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), and there are alternative grounds to affirm dismissal of Paul's facial challenge for lack of subject-matter jurisdiction.

Paul's demand that the district court declare "unconstitutional the Vexatious Litigant Statutes, and enter a permanent injunction barring the State . . . and the Probate Courts' enforcement" is a prayer for relief against Defendant-Appellees the State and Judges Newman and Cox. As for Paul's claims against the State, we agree with the State that these are barred by sovereign immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 70 n.12 (1996) ("It is not in the power of individuals to call any state into court.") (quoting 3 J. ELLIOT, DEBATES ON THE FEDERAL CONSTITUTION 533 (2d ed. 1836) (J. Madison)). This immunity generally bars suits against non-consenting states, regardless of the form of relief sought. *See id.* at 58.

Furthermore, Paul's claims for declaratory and injunctive relief

against the Judges fail for lack of standing.[2] "In order to . . . meet the Article III standing requirement when . . . seeking [such] relief," a plaintiff must allege that there is "a substantial likelihood that he will suffer injury in the future," and to that end, must set forth "facts from which the continuation of the dispute may be reasonably inferred. . . . [T]he continuing controversy . . . must . . . create a definite . . . threat of future injury." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). We have reviewed Paul's complaint, and we see no allegations suggesting that Paul is likely to be involved in future litigation before Judges Newman or Cox.[3] As in a prior case where we found

---

[2] Insofar as Paul seeks damages against the Judges related to the state judgments he attacks, we agree with the Judges that Paul's claim is barred not only by *Rooker-Feldman* (since such a damages award would effectively invalidate those judgments) but also by absolute judicial immunity. *See Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009).

[3] The Judges call our attention to Paul's motions filed in late 2021 in the probate court seeking to relitigate the same prior state judgments that he attacks here. To the extent Paul seeks prospective relief preventing Judges Newman and Cox from giving effect to the vexatious litigant statute in the dispute underlying *this* litigation, such relief is barred by *Rooker-Feldman* notwithstanding its forward-looking nature. Because the probate court's "judgment[s] [are] the cause of the prospective injury [Paul] seeks to enjoin," "the prospective relief [he] seeks in [his] federal claim is . . . inextricably intertwined with" those judgments. *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006); *accord Moore v. Tex. Ct. of Crim. Appeals*, 561 F. App'x 427, 431 (5th Cir. 2014). And of course Paul's request for a "declaration that the [statute] is unconstitutional" for purposes of "future cases" fails for "lack[] [of] constitutional standing," since "there is no foreseeable prospect that [the statute] will bar some hypothetical future lawsuit" to which Paul will be a party and over which either Judge Newman or Judge Cox will preside. *Winslow v. Stevens*, 632 F. App'x. 721, 723–24 (3d Cir. 2015); *accord Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991); *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 675 (6th Cir. 2018); *Haas v. Wisconsin*, 109 F. App'x 107, 113 n.7 (7th Cir. 2004); *Earls v. Greenwood*, 816 F. App'x 155 (9th Cir. 2020). Our conclusion finds support in a decision of the Sixth Circuit rejecting a federal challenge to Ohio's vexatious litigant statute via a § 1983 action against state judges. The court reasoned that, "[t]o the extent Plaintiffs seek a declaration that the Statute is unconstitutional as applied in the prior state court proceeding and relieving them from that judgment, . . . *Rooker–Feldman* bars their . . . challenge . . . . To the extent [they] . . . seek[] a declaration that the Statute is unconstitutional . . . in future cases, the claim is not ripe

no standing to seek prospective relief against a judge, we hold that Paul lacks such standing here, since there is no "'substantial likelihood'" or "'real and immediate' threat" that Paul "will face injury from [either Judge] in the future." *Id.* Indeed, "[t]his court has often held that plaintiffs lack standing to seek prospective relief against judges where the likelihood of future encounters is speculative." *Id.* "Even assuming, *arguendo,* that the requirements of Article III standing in this respect are minimally met, prudential standing considerations . . . dictate the impropriety of declaratory relief" against state judges, which we have said poses a "danger [of] excessive superintending of state judicial functions." *Id.* at 358–59.

Finally, we acknowledge the Judges' argument in the alternative that federal courts should abstain from exercising jurisdiction over Paul's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[4] The Judges urge us to take judicial notice of activity on the Texas probate court's docket, citing motions filed by Paul in late 2021 that ask that court to void its prior judgments against him. It is unclear, however, whether state proceedings were "pending at the time the federal action [wa]s instituted" in January 2021—the relevant criterion for application of *Younger* abstention. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). If they were not, then there was no need for abstention, and we affirm for the reasons already discussed. Alternatively, if state proceedings were pending, we agree that *Younger* abstention would have

---

because Plaintiffs have not alleged that they have filed or presently intend to file any new lawsuits." *Hall v. Callahan*, 727 F.3d 450, 454–55 (6th Cir. 2013). So, too, here.

[4] This doctrine holds that federal courts should abstain from enjoining or granting declaratory relief against state litigation if (1) such relief "would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in . . . the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

No. 21-20446

been appropriate. Either way, dismissal of Paul's federal action was proper. *See Price v. Porter*, 351 F. App'x 925, 926–27 (5th Cir. 2009) (affirming dismissal on alternative grounds of *Rooker-Feldman* and *Younger*); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 205 (5th Cir. 2004) (same).

## III

For these reasons, the district court's judgment is AFFIRMED.