## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-30383
Summary Calendar

KELDA PRICE

Plaintiff-Appellant

v.

CHARLES PORTER, 16TH JUDICIAL DISTRICT COURT

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-176

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kelda Price had been involved in litigation in Louisiana's 16th Judicial District, before Judge Charles Porter.[1] She subsequently brought this *pro se* 42 U.S.C. § 1983 action against Judge Porter in his individual capacity. Price asserted violations of her Fourteenth Amendment rights to due process and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As the district court noted, it is unclear from Price's complaint whether the action in state court is currently pending or had been resolved. It is also unclear from the record whether Price was the plaintiff or defendant in the state court litigation.

equal protection because Judge Porter presided over her case although he had allegedly been previously employed by the opposing party in the state court litigation. Her complaint requested that the district court "remove and discipline Judge [Porter], make null and void his orders, provide any and all equitable relief, [and] any relief possible."

Judge Porter filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The district court referred the motion to dismiss to a magistrate judge, who recommended granting the motion because the *Rooker-Feldman* and *Younger* abstention doctrines barred the action, and because Judge Porter is judicially immune from suit. Price filed objections. The district court adopted the recommendations of the magistrate judge and granted the motion to dismiss. Price now appeals.

We review *de novo* dismissals under Rules 12(b)(1) and 12(b)(6). *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). We take the factual allegations of the complaint as true and resolve any ambiguities in the plaintiff's favor. *Id.* We construe *pro se* litigants' pleadings liberally, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), but *pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A litigant in federal court "cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief" if these

claims are "'inextricably intertwined' with a state judgment." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n. 16). Constitutional questions arising in state proceedings must be resolved by the state courts, with recourse at the federal level available only through an application for a writ of certiorari to the United States Supreme Court. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

Price's complaint asserts that Judge Porter should have been recused and challenges the validity of the outcome in the state court proceedings. The district court correctly held that Price's complaint comprised a collateral attack on the state court's judgment, and accordingly, under the *Rooker-Feldman* doctrine, the federal district court had no subject-matter jurisdiction to hear the action. *See Minor v. State of Texas*, 62 F.3d 395 (5th Cir. 1995) (holding that the *Rooker-Feldman* doctrine bars a district court from addressing a complaint claiming that the judge in a state court action should have been recused).

### B. Younger Abstention Doctrine

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. *Bauer*, 341 F.3d at 357. Therefore, to the extent that Price sought injunctive or declaratory relief with respect to ongoing litigation in the 16th Judicial District Court of Louisiana, the district court correctly held that it was proper for it to abstain from hearing those claims under *Younger*.

### C. Judicial Immunity

Judges enjoy absolute immunity from suit for acts undertaken in their judicial capacity, even those done maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). The

Supreme Court has explained that two limited exceptions to this doctrine exist: acts the judge takes in a non-judicial capacity, and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 435 U.S. at 11-12.

As the district court held in the alternative, even if lack of jurisdiction did not require dismissal, the suit would be barred by judicial immunity because Price alleges conduct in connection with Judge Porter's official acts. Even taking Price's allegations against Judge Porter as true, her suit against him would be barred. *See Stump*, 435 U.S. at 355-60 (holding that a judge is entitled to judicial immunity where his actions were alleged to have deprived litigant of due process); *Rheuark v. Shaw*, 628 F.2d 297, 303-04 (5th Cir. 1980) (holding that a judge is entitled to judicial immunity even if his actions deprived criminal defendant of due process).

Although Price asserts that Judge Porter acted without jurisdiction, as a Louisiana District Court Judge, he had original subject matter jurisdiction to hear all state criminal and civil matters. *See* LA. CONST. Art. 5 § 16. Thus, neither exception to judicial immunity applies here. Price also relies on *Hafer v. Melo*, 502 U.S. 21, 31 (1991), for her argument that Judge Porter may be sued notwithstanding the Eleventh Amendment's grant of immunity. *Hafer* states, however, that in contrast to the executive officers whose Eleventh Amendment immunity Congress abrogated in some circumstances under § 1983 (pursuant to § 5 of the Fourteenth Amendment), "judges carrying out their judicial functions" enjoy "absolute immunity . . . for their official actions." *Id.* at 29.

Thus, we affirm the district court for essentially the reasons stated by the magistrate judge in the well-reasoned recommendations.