# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

No. 10-30603
Summary Calendar

Lyle W. Cayce
Clerk

FREDERIC LUBRON BIRGANS,

Plaintiff-Appellant

v.

STATE OF LOUISIANA; MICHAEL LINTON; JOHN PETERS; BRUCE ROBINSON; JASON HONEMANN; JOHN NELSON; ZACH CROOKS; CHRIS BALLARD, also known as Chris Basteard; METRO POLICE DEPARTMENT OF MONROE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-926

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Frederic Lubron Birgans, Louisiana prisoner # 2613150, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his civil action as frivolous and for failure to state a claim upon which relief can be granted. By moving for leave to proceed IFP, Birgans is challenging the district court's certification that his appeal is not taken in good faith because it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Birgans argues that denying him leave to proceed IFP on appeal would violate his due process rights, his right of access to the courts, and his right to petition for the redress of grievances. He asserts that the district court erred by dismissing his complaint and denying him leave to proceed IFP on appeal without holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). He contends that the defendants operated an illegal narcotics checkpoint and that he was illegally abducted under color of law.

There is no constitutional right to proceed in a civil action without paying the proper filing fee; the ability to proceed IFP is a privilege that may be extended or withdrawn. *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997). The district court was not required to hold a *Spears* hearing prior to dismissing Birgans's complaint. *See Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). While Birgans argues the merits of his claims by asserting that the defendants operated an illegal narcotics checkpoint and illegally abducted him, he does not address the reasoning behind the district court's dismissal, that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As Birgans does not address the district court's rationale for dismissing his 42 U.S.C. § 1983 action, he has waived any such challenge he could bring. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Birgans's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Birgans is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be

No. 10-30603

unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.