# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

STELLA MORRISON,

　　　　Plaintiff - Appellant

v.

LAYNE WALKER; DEPUTY ANTHONY BARKER,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-327

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

　　Plaintiff Stella Morrison appeals from the district court's dismissal of her claims against Defendants Layne Walker and Deputy Anthony Barker. Morrison further appeals the denial of her motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Because we conclude that Walker is entitled to judicial immunity and that Barker is entitled to qualified

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41712

immunity, and because the district court did not abuse its discretion in denying Morrison's Rule 60(b) motion, we AFFIRM.

## I. Background[1]

Walker served as an elected state district judge in the 252nd Judicial District in Jefferson County, Texas. Barker acted as Walker's bailiff. Morrison is an African-American attorney specializing in criminal defense in Jefferson County. She and her husband both ran unsuccessfully against Walker. After these political campaigns, Morrison continued to litigate in the courthouse where Walker presided. According to Morrison, Walker repeatedly mistreated her because of her candidacy and her race.

Walker filed grievances against Morrison with the Texas State Bar. At least one such grievance contained insults and referenced Morrison's opposition to Walker's campaign. Another grievance was unrelated to litigation before Walker. After a certain time, Walker banned Morrison from entering a hallway in the courthouse that led to his and another judge's chambers. On one occasion, Morrison was in the hallway attempting to speak with a member of Walker's staff regarding a case before Walker and was removed by Barker. Barker grabbed Morrison by the arm, spun her around, grabbed her by the waist, and pushed her out the door. On another occasion, Walker presided over a hearing in which he held Morrison in contempt of court.

Based on these alleged incidents, Morrison sued Walker under 42 U.S.C. §§ 1981 and 1983 claiming, inter alia, that he violated her First Amendment rights to free speech and freedom of association as well as her

---

[1] Because this case is on appeal from the grant of a motion to dismiss, this court accepts Morrison's allegations as true. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

No. 16-41712

Fourteenth Amendment equal protection and substantive due process rights.[2] Morrison also brought state law tort claims against Walker and Barker under the Texas Tort Claims Act based on negligence, negligence per se, gross negligence, tortious interference with business relationships, defamation, defamation per se, and intentional infliction of emotional distress.[3] Morrison later amended her complaint to include a suit against Barker based on similar allegations.

Walker and Barker separately moved to dismiss based on different theories of immunity. Magistrate Judge Hawthorn[4] granted both motions and issued a final judgment.[5] Morrison subsequently filed a motion for Judge Hawthorn to recuse based on certain alleged ex parte communications. Judge Hawthorn later recused himself, at which point Magistrate Judge Giblin began overseeing the proceedings. Morrison then filed a motion for relief from final

---

[2] Walker's original complaint also included §§ 1981 and 1983 claims against the State of Texas and Jefferson County. Morrison later filed an unopposed motion to dismiss Texas, which the district court granted. Furthermore, the district court dismissed Morrison's claims against Jefferson County for failure to state a claim, which Morrison does not appeal.

[3] Morrison did not allege any violation of state law against either Texas or Jefferson County.

[4] On consent of the parties, this case was referred to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

[5] Although Walker and Barker moved to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, this court analyzes Defendants' motions only under the Rule 12(b)(6) standard because the arguments for immunity are attacks on the existence of a federal cause of action. *See Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988) ("This court . . . has held that when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." (citation omitted)); *see also Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 189 (5th Cir. 2009) (evaluating a motion to dismiss raising qualified immunity under Rule 12(b)(6)); *Ballard v. Wall*, 413 F.3d 510, 514–15 (5th Cir. 2005) (deciding motion to dismiss raising judicial immunity under Rule 12(b)(6)).

No. 16-41712

judgment under Rule 60(b).  Judge Giblin denied this motion.  Morrison now appeals.

## II.  Standard of Review

We review de novo motions to dismiss under Rule 12(b)(6).  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).  While we must hold all well-pleaded facts as true, this "tenet . . . is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "We may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record."  *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (per curiam).

We review a district court's denial of relief under Rule 60(b) for abuse of discretion.  *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015), *cert denied*, 136 S. Ct. 1159 (2016).

## III.  Discussion

Morrison makes a variety of arguments on appeal.  We evaluate each argument in turn.

*A. Morrison's §§ 1981 and 1983 Claims Against Walker*

Morrison first argues that Walker is not entitled to judicial immunity because his improper behavior was motivated by a personal vendetta.  In the alternative, Morrison next argues that, even without considering Walker's motivations, judicial immunity does not apply to Walker's actions because they were not taken in his judicial capacity.

A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are "not taken in the

4

judge's judicial capacity" or (b) where they are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). To determine whether an action is within a judge's judicial capacity, an evaluation of four factors is necessary:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). Immunity may be applied even if one or more of these factors is not met. *Malina*, 994 F.2d at 1124. In determining whether there is a complete absence of jurisdiction in the context of judicial immunity, "the scope of the judge's jurisdiction must be construed broadly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

The Supreme Court has stated that "allegations of bad faith or malice" cannot overcome judicial immunity. *Mireles*, 502 U.S. at 11. Prior to *Mireles*, we had considered a judge's motivation to negate immunity in one case. *Harper v. Merckle*, 638 F.2d 848, 859 (5th Cir. Unit B Mar. 1981). Subsequently, we noted that *Harper* is probably limited to its facts. *See Adams v. McIlhany*, 764 F.2d 294, 298 n.4 (5th Cir. 1985).

Even assuming *Harper* survives *Mireles*, Morrison's allegations of Walker's personal vendetta against her do not sufficiently allege that "it is beyond reasonable dispute that [Walker] . . . acted out of personal motivation and . . . used his judicial office as an offensive weapon." *Harper*, 638 F.2d at 859; *see also Sleeman v. Brazoria Cty.*, 78 F.3d 582, 1996 WL 60605, at *4 (5th

Cir. 1996) (per curiam) (unpublished)[6] (distinguishing its facts from the facts of *Harper*).  Therefore, a typical application of the *Ballard* factors, ignoring allegations of personal motivation, is necessary to determine whether Walker's conduct is shielded by judicial immunity.

We begin our *Ballard* factor analysis by evaluating Walker's filing of grievances against Morrison with the state bar.  The Code of Judicial Conduct, under the heading of "disciplinary duties," requires judges who receive information clearly establishing that an attorney is in violation of the Texas Disciplinary Rules of Professional Conduct to take appropriate action.  TEX. CODE OF JUD. CONDUCT, Canon 3D, *reprinted in* TEX. GOV'T. CODE, tit. 2, subtit. G, app. B.  This ethical requirement favors a conclusion that filing such a grievance is within a judge's judicial capacity that is not purely administrative.[7]  Furthermore, Morrison's allegations suggest that Walker filed his grievances from his chambers—an adjunct space under the second factor.  The third factor also favors a conclusion that Walker was acting within his judicial capacity because it appears that the majority of Walker's grievances arose out controversies in cases pending before Walker.  Finally, the fourth factor does not appear to be relevant because Morrison does not allege whether any visit to Walker's chambers resulted in the filing of the grievances.  We conclude that the district court did not err in determining that Walker acted in his judicial capacity.

Morrison complains that the district court ignored the fact that she alleged that Walker's grievances were groundless.  But whether the grievances were groundless does not change the conclusion that Walker was acting in his

---

[6] Although *Sleeman* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[7] Administrative duties are addressed in Canon 3C.

judicial capacity in filing them. Furthermore, Morrison does not argue on appeal that Walker acted in a complete absence of jurisdiction as to the filing of grievances. Thus, Walker's grievances are protected by judicial immunity.

We next turn to Walker's policy banning Morrison from the hallway. The only incident that Morrison describes in her allegations involves a visit she made to the courthouse to speak to a member of Walker's staff about a matter related to a case before Walker.[8] The controversy thus centered around a case pending before the court and arose out of a visit regarding that case. In this particular instance, the *Ballard* factors favor a determination that Walker's actions were taken in his judicial capacity. Furthermore, besides conclusory allegations, Morrison does not specifically allege in her complaint that Walker did not have jurisdiction regarding the matter about which she attempted to speak to Walker's staff. But even if she had, a Texas district court, including the 252nd Judicial District where Walker sat, has original jurisdiction over such actions. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE § 24.429; *accord Adams*, 764 F.2d at 298. Therefore, Walker is protected by judicial immunity.

Finally, Morrison alleges that Walker was not entitled to judicial immunity when he unlawfully held her in contempt of court. However, under Texas law, a judge may hold a lawyer in contempt, and another judge shall later be assigned "to determine [the attorney's] guilt or innocence." TEX. GOV'T CODE § 21.002(d). Morrison incorrectly alleges in her complaint that Texas law

---

[8] Evaluating this question under a Rule 12(b)(1) standard, the district court resolved disputed facts concerning the characterization of the hallway. As mentioned above, we conclude that the motion should be treated as a motion to dismiss under Rule 12(b)(6). Therefore, the district court erred in applying the Rule 12(b)(1) standard and resolving a disputed fact. However, the allegations in the complaint alone point to a conclusion that Walker acted within his judicial capacity regardless of any disputed facts about the characterization of the hallway. Therefore, no dispute of fact needed to be resolved for the district court to have come to its conclusion.

"required Walker to have any contempt proceedings . . . considered by another Judge." Therefore, if Walker merely held Morrison in contempt, he acted as permitted by Texas law.

But even reading Morrison's pleading liberally and assuming that Walker held Morrison in contempt and also determined her guilt or innocence, Walker remains entitled to judicial immunity based on the *Ballard* factors. First, holding contempt hearings is a normal judicial function. *See McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). Furthermore, Morrison does not allege the location of the hearing, whether the controversy centered around a pending case, or whether it arose from a visit to the judge. Therefore, the only *Ballard* factor addressed by the complaint favors a determination that Walker acted within his judicial capacity.

In addition, Walker acted within his jurisdiction because Texas district courts have original jurisdiction over all such actions, TEX. CONST. art. V, § 8, and "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes," *Adams*, 764 F.2d at 298. Even if Walker improperly determined Morrison's guilt or innocence, Morrison points to no Texas law stating that making such a determination is done without jurisdiction. *See Subaru of Am., Inc., v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (holding that "[c]ourts of general jurisdiction presumably have subject matter jurisdiction unless a contrary showing is made"). The district court thus did not err in dismissing based on its conclusion that Walker was entitled to judicial immunity.

*B. Morrison's §§ 1981 and 1983 Claims Against Barker*

Morrison next argues that the district court erred in granting Barker's motion to dismiss based on qualified immunity. Specifically, she contends that Barker had knowledge that his conduct interfered with Morrison's rights, and

that acting with this knowledge bars qualified immunity.

Qualified immunity shields a government official from liability where "their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). "[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Id.* (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011)). We have discretion to decide which prong to address first. 659 F.3d at 371. "Where no controlling authority specifically prohibits a defendant's conduct . . . the law cannot be said to be clearly established." *Id.* at 372.

In her briefing on appeal, Morrison argues that when Barker physically removed her from the hallway, he violated her rights under the First and Fourteenth Amendments. However, she cites no authority that a bailiff or any officer acting in similar circumstances violates a person's constitutional rights. We thus conclude that Morrison failed to establish that any such law is clearly established. *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016) (burden is on plaintiff to negate qualified immunity defense by, among other things, establishing that the law was clearly established as to the particular conduct at issue). Accordingly, we affirm the district court as to the federal claims against Barker.

*C. State Law Claims*

Morrison also argues that the district court erred in granting Walker and Barker's motions to dismiss her state law tort claims due to official immunity. Specifically, Morrison contends that both Walker and Barker acted in bad faith, which prevents dismissal of her state law tort claims.

Under § 101.106(f) of the Texas Civil Practice and Remedies Code, "a

defendant is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the [Texas] Tort Claims Act." *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017) (interpreting § 101.106(f)). Under the first prong, we ask whether "there [is] a connection between the employee's job duties and the alleged tortious conduct[.]" *Laverie*, 517 S.W.3d at 753. In determining whether the second prong is met, suits can be brought under the Texas Tort Claims Act against the government even if the Act does not waive immunity. *Franka v. Velasquez*, 332 S.W.3d 367, 380 (Tex. 2011) (A "suit is brought under the Act when it is filed, not when waiver of immunity by the Act is established."); *see also id.* at 375, 385.

Here, both Walker and Barker clearly acted within the scope of their employment because there was a connection between their job duties as judge and bailiff and the alleged tortious conduct. *See Laverie*, 517 S.W.3d at 753; *supra*, Parts III.A & B. Morrison's allegations of bad faith make no difference to this conclusion. The Texas Supreme Court recently concluded that "[n]othing in . . . the statutory definition of 'scope of employment' suggests subjective intent is a necessary component of the scope-of-employment analysis." *Laverie*, 517 S.W.3d at 752–53. Instead, the Texas Tort Claims Act "calls for an objective assessment of whether [an] employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it." *Id.* at 753. Any objective assessment here points to a conclusion that Walker and Barker were doing their jobs at the time of the allegations. Furthermore, Morrison's tort claims could have been brought under the Texas Tort Claims Act if Morrison chose to file them against the state. *See Franka*, 332 S.W.3d at 380. Therefore, the district court correctly dismissed Morrison's

No. 16-41712

state law tort claims against Walker and Barker.

*D. Morrison's Motion for Relief from Final Judgment*

Morrison contends that Judge Giblin erred in denying Morrison's motion for relief from final judgment because there was evidence of ex parte communications with Judge Hawthorn's chambers that prevented Morrison from fully and fairly presenting her case. Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment due to, inter alia, "newly discovered evidence," "fraud, misrepresentation, or misconduct," or for "any other reason that justifies relief." The district court concluded that no ex parte communications occurred, and that even if they had, Morrison could not show how such communications impeded Morrison from presenting her case. We see no abuse of discretion in Judge Giblin's analysis. Morrison's weak allegations of bias do not entitle her to escape the judgment. Accordingly, we affirm the district court as to its denial of Morrison's Rule 60 motion.

AFFIRMED.