# United States Court of Appeals for the Fifth Circuit

_____

No. 24-30759

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2025

Lyle W. Cayce
Clerk

Hubert Arvie,

*Plaintiff—Appellant*,

*versus*

Cathedral of Faith Missionary Baptist Church; Darryl Washington, *individually and in his official capacity*; Lankton Doucet, *individually and in his official capacity*; Kenneth Smith, *individually and in his official capacity*; Michael K. Cox, *individually and in his official capacity, et al.*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-717

_____

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Hubert Arvie appeals the dismissal of his pro se civil rights action against more than ninety defendants who played a role in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

several prior state-court proceedings in which he was involved. We AFFIRM.

I

Claiming that they violated his constitutional rights and Louisiana law during some of the various civil and criminal state proceedings in which he had been involved, Arvie sued more than ninety parties in their individual and official capacities. The defendants included state judges, court clerks, and a judicial assistant; attorneys, law firms, a paralegal, and a legal secretary; insurance companies, their officers, adjusters, and claims specialists; Warren Buffett; a church, its members, and the pastors of other churches; a roofing company, its owners, employees, and a contractor; a rental property owner and his deceased child; the State of Louisiana; and Calcasieu Parish. Arvie's fifty-seven-page second amended complaint, with more than one hundred pages of attachments, specifically asserted claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, and 2201–2202, for violations of his rights to free exercise of religion, access to court, equal protection, and due process, as well as claims under state law for retaliation, defamation, conspiracy, discrimination, bad faith, ultra vires acts, and fraud. It also sought an opportunity to amend if the complaint was deemed insufficient, a *Spears* hearing, an order compelling the state courts to certify court records under 28 U.S.C. § 1738, monetary damages, and unspecified declaratory and injunctive relief.

On initial screening of his *in forma pauperis* lawsuit, a magistrate judge recommended dismissal of Arvie's claims with prejudice based on judicial and absolute immunity, Eleventh Amendment immunity, and failure to a state claim because none of the private parties were state actors. She also denied his motion to appoint counsel. Over Arvie's objections, the district court accepted the magistrate judge's recommendation, denied his motion

for leave to amend, and dismissed his claims with prejudice. It also denied his motions for reconsideration and for recusal.

Arvie now appeals on seventeen grounds, which may be generally classified as falling within seven categories: (1) challenges to the district court's implicit *Rooker-Feldman* determination; (2) the dismissal of his § 1738 claim; (3) challenges to the district court's absolute immunity determinations; (4) challenges to the district court's Eleventh Amendment determination; (5) challenges to the district court's *Monell* determination; (6) claims not addressed by the district court; and (7) the denial of various motions.

II

A district court must dismiss an *in forma pauperis* complaint if it determines that the suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). When, as here, a district court dismisses a complaint under all three sections of § 1915(e)(2)(B), we review the dismissal de novo, using the same standard of review applicable to Rule 12(b)(6) dismissals. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).[1] "Under that standard, a complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief

_____

[1] Although the dismissal of a complaint as frivolous is typically reviewed for abuse of discretion, when the district court also finds that the complaint fails to state a claim or seeks relief against a defendant immune from suit, our review is de novo. *See Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010) (per curiam) (stating standards of review for §§ 1915(e)(2)(B)(i) & (ii)); *Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012) (per curiam) (stating standard of review for § 1915(e)(2)(B)(iii)); *see also, e.g.*, *Guccione v. Par. of Jefferson*, 382 F. App'x 357, 358 (5th Cir. 2010) (per curiam) (reviewing dismissal of complaint under all three sections of § 1915(e)(2)(B) de novo).

that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While we must accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted), "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions," *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted). "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex.*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

## III

Arvie argues that the district court erred by implicitly invoking the *Rooker-Feldman*[2] doctrine to dismiss his claims that the state courts failed to provide him full and fair proceedings, as well as his request to re-litigate the state law claims in federal court. Although the district court did not address its applicability, we address Arvie's arguments because the *Rooker-Feldman* doctrine is jurisdictional. *See Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam).

*Rooker-Feldman* generally bars federal district courts from exercising appellate jurisdiction over final state-court judgments that were rendered before the district court proceedings commenced. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If the federal plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state[-]court judgment based on that decision, *Rooker-*

---

[2] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

*Feldman* bars subject matter jurisdiction in federal district court." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013) (citation omitted). For purposes of *Rooker-Feldman*, final state-court judgments are those "rendered by the highest court of a state in which a decision could be had." *Matter of Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992) (en banc) (quoting 28 U.S.C. § 1257(a)). Here, Arvie's complaint alleged that, at the time he filed his federal lawsuit, one lawsuit was still pending before the state district court, and appeals were still pending for the other state proceedings.[3] Accordingly, *Rooker-Feldman* is inapplicable. *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) (holding that *Rooker-Feldman* does not apply if the relevant state action is pending state appeal at the time the federal lawsuit is filed).

Even though *Rooker-Feldman* does not bar Arvie's challenges to the state-court proceedings, under the *Younger*[4] abstention doctrine, "federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings." *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009) (per curiam) (citing *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003)).

> In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the

---

[3] We accept Arvie's allegations as true for purposes of this appeal. *See Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015) (citation omitted) ("In determining whether the court has subject matter jurisdiction, we must accept as true the allegations set forth in the complaint.").

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

No. 24-30759

claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges."

*Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, the State has an important interest in regulating constitutional claims rooted in fundamental fairness of its courts' proceedings, and Arvie has adequate opportunities to raise these challenges before the state courts.[5] Because it was appropriate for the district court to abstain from hearing those claims under the *Younger* abstention doctrine, dismissal of those claims was proper. *See Price*, 351 F. App'x at 927 (affirming dismissal on alternative ground of *Younger*); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 205 (5th Cir. 2004) (per curiam) (same).

## IV

Arvie argues that the district court erred in denying his request to compel the state courts to certify and file their records in the federal lawsuit under 28 U.S.C. § 1738.

28 U.S.C. § 1738[6] is a rule of decision and provides the "means for authenticating the records of the state proceedings to which the federal

---

[5] Even though the district court did not discuss *Younger* abstention, we can "affirm on any ground supported by the record, including one not reached by the district court." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

[6] Section 1738 provides, in relevant part:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

28 U.S.C. § 1738.

No. 24-30759

courts are to give full faith and credit." *Allen v. McCurry*, 449 U.S. 90, 96 n.8 (1980). The statute "does not give rise to an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182 (1988). Arvie's claim for relief under § 1738 lacks an arguable basis in law and was properly dismissed.[7]

V

Arvie argues that the district court erred in concluding that his claims against the judges and court staff for damages in their individual capacities are barred by absolute immunity.

A

Judges enjoy absolute immunity from liability for any damages resulting from acts performed in their judicial capacities, "even when such acts are . . . alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted). A judge has no judicial immunity, however, for "actions taken outside of his judicial capacity" or for "actions that are judicial in nature, but occur in the complete absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). To determine whether an action is "judicial in nature," a court considers four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

---

[7] Because a claim is frivolous if "it lacks any arguable basis in law or fact," *Samford*, 562 F.3d at 678, we do not need to address Arvie's argument that his complaint was improperly dismissed as frivolous.

*Id.* (citation omitted). "These factors are broadly construed in favor of immunity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Here, the district court concluded that the judges were entitled to absolute immunity from damages because Arvie sued them "for acts that arose out of their normal judicial function." It specifically found his allegations that the state district judge had made rulings adverse to him and that the state appellate judges had erred in ruling upon motions were insufficient to deprive them of immunity.[8] Here, Arvie does not challenge the district court's conclusion that the judges are entitled to absolute immunity for those actions. While pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), even pro se litigants must brief arguments to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). By failing to identify any error in the district court's determination that the judges' actions were judicial in nature, Arvie has abandoned any such challenge on appeal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that appellant's failure to address any error in the district court's analysis "is the same as if he had not appealed that judgment").

Arvie instead argues that he alleged two acts performed by the judges in their administrative capacity, so they are not entitled to absolute immunity. First, he contends that the judges breached their "administrative duties" under Louisiana Code of Judicial Conduct Canon 3B(3)[9] when they failed to

---

[8] The magistrate judge noted that Arvie's claims against the judicial officials "arose out of numerous civil and criminal matters spanning decades." Although the complaint refers to his 1989 criminal conviction, this appears to be background information and not a claim in connection with that criminal proceedings.

[9] Canon 3B(3) states:

A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become

report all known improprieties of attorneys in the state-court proceedings to the Disciplinary Counsel's Office. This argument is meritless because the "[a]cts of a judge in the discharge of disciplinary responsibilities . . . *are part of the judge's judicial duties and shall be absolutely privileged.*" La. Code of Judicial Conduct Canon 3B(3) (emphasis added); *see also Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017) (per curiam) (interpreting similar judicial conduct canon and holding that judge's reporting of attorney misconduct to the state bar was not "purely administrative" but an act "within a judge's judicial capacity" that was protected by judicial immunity).

Second, Arvie contends that the state appellate judges acted in an administrative capacity when they allegedly created a written or unwritten policy that prohibits court staff from issuing or serving subpoenas. Even assuming that the adoption of this alleged policy is not a judicial act, and that Arvie has alleged a plausible claim for damages from its implementation, the judges are "immune from suit for acts performed in their legislative capacity," such as by promulgating court rules and policies.[10] *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731 (1980) (holding that state-court justices were immune from suit based on their adoption of state bar rules). The district court did not err in dismissing the damages claims against the judges.

---

aware. Acts of a judge in the discharge of disciplinary responsibilities, as set forth above, are part of the judge's judicial duties and shall be absolutely privileged, and no civil action predicated thereon may be instituted against the judge.

La. Code of Judicial Conduct Canon 3B(3).

[10] Louisiana law delegates the responsibility of adopting local court rules to each appellate court. *See* La. Const. art. 5, § 12; La. Code Civ. Proc. art. 193.

B

The district court held that because Arvie's claims against the court clerks and the judicial assistant were based on acts they made at the direction of judges, or to assist them in carrying out their judicial functions, they were also immune from monetary damages. Arvie presents no coherent challenge to the district court's ruling that these defendants are entitled to absolute immunity and has therefore abandoned those claims on appeal. *See Brinkmann*, 813 F.2d at 748. Nonetheless, the district court did not err in determining that the court clerks and the judicial assistant are entitled to absolute immunity from monetary damages. *See Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (holding that court staff "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.").

VI

Arvie sued the State of Louisiana and its employees in their official capacities. His suit against state employees in their official capacities is a suit against the State. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars federal suits against a state or a state official in his official capacity. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."). Here, the district court dismissed Arvie's claims against the State based on Eleventh Amendment immunity. Arvie does not brief any challenges to the dismissal of his claims for monetary damages against the State or state employees in their official capacities. Accordingly, those monetary claims are abandoned. *See Brinkmann*, 813 F.2d at 748.

No. 24-30759

Citing *Ex parte Young*, 209 U.S. 123 (1908),[11] Arvie argues that Eleventh Amendment immunity does not bar all his claims against the State because he sued the judges in their official capacities for prospective injunctive and declaratory relief. He contends that he seeks prospective relief under § 1983 because the state lawsuits "will continue to be handled and decided by impartial circuit judges, supreme court judges, and the staff of the judiciary." Section 1983 does not provide a basis for Arvie to seek injunctive relief against the judges, however. *See Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam). In 1996, Congress amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996). Arvie has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, so his claim for injunctive relief against the judges under § 1983 is barred.

Arvie's complaint requests a "declaratory judgment," but it does not specify what prospective declaratory relief he seeks in connection with the judges. To the extent he is asking for an order directing the judges to take specific actions in ongoing state-court proceedings, the district court was required to abstain from hearing that claim under *Younger*. And federal courts have no authority to direct state courts or their judicial officers in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam). His claims for prospective relief against the judges were properly dismissed. *See Rhodes v. Keller*, 77 F. App'x

_____

[11] Under the *Ex parte Young* exception, claims for prospective relief against state officials acting in violation of federal law are not barred by sovereign immunity. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

261, 261 (5th Cir. 2003) (affirming dismissal of § 1983 complaint asking the federal court to direct the state court in the performance of its duties); *Grubbs v. Miss. Sup. Ct.*, 690 F. App'x 267, 268 (5th Cir. 2017) (per curiam) (same). To the extent Arvie seeks injunctive and declaratory relief against other state employees, he did not brief any challenge to the dismissal of such claims, so they are deemed abandoned. *See Brinkmann*, 813 F.2d at 748.

## VII

Arvie contends that the district court erred in dismissing his § 1983 claims against the non-state actor defendants, including attorneys, law firms and, their staff members; insurance companies, their officers, adjusters, and claims specialists; Warren Buffett; a church, its members, and other pastors; a roofing company, its owners, employees, and a contractor; and a rental property owner and his deceased child.

To state a cause of action under § 1983, the plaintiff must allege that a person or entity acting under color of law has deprived him of a federal right. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). For a private actor to be held liable under § 1983, the challenged conduct must be "fairly attributable to the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (citation omitted). A plaintiff can make such a showing by demonstrating that the non-state actor "conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citation omitted).

Here, Arvie's complaint alleges no agreement between the non-state actor defendants and any state actors to commit an illegal act, or any facts to

support an inference that they acted in concert with a state actor to violate his constitutional rights. While he argues that the adverse rulings and judicial acts in the state-court lawsuits were the product of collusion between the attorneys, judges, and court officials, this bare allegation of conspiracy is insufficient to state a § 1983 claim. *See Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient."). "[B]eing on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Because Arvie's complaint does not allege specific facts that would support a finding that any of the private-actor defendants were willful participants in joint activity with the State or its agents, the district court did not err by dismissing the § 1983 claims against the non-state defendants. *See Chaney v. Races & Aces*, 590 F. App'x 327, 329–30 (5th Cir. 2014) (per curiam) (affirming district court's dismissal of § 1983 claims against private individuals where plaintiff failed to plausibly allege a conspiracy with state actors).

## VIII

Arvie argues that the district court erred in dismissing his § 1983 claim against Calcasieu Parish because the court clerk, who was a parish official with final authority, failed to discipline parish court staff who attempted to charge him fees not authorized by state statute.

To succeed on a municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), Arvie "must identify a federal right that was violated 'pursuant to an official municipal policy.'" *Edwards v. City of Balch Springs*, 70 F.4th 302, 307 (5th Cir. 2023) (quoting *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022)). Arvie asserts that parish court employees violated state law when they denied him free copies of his court records, but "a violation of a state statute alone is not cognizable

under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005); *see Scott v. Fiesta Auto Ctr. of San Antonio*, 273 F.3d 1095 (5th Cir. 2001) (per curiam) (unpublished) (finding § 1983 claims premised on an official's noncompliance with the Texas Constitution were frivolous). Arvie also contends that the "single incident exception" for municipal liability applies, but he has not shown that a policymaker committed an unconstitutional act that would then be attributable to the municipality. *See Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010). While he complains that the parish court clerk refused to discipline employee misconduct, there is no federal constitutional right to compel disciplinary actions. *Cf. Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that there is no constitutional right to have someone criminally prosecuted). Because Arvie failed to allege any constitutional violation to support municipal liability, his claims against Calcasieu Parish were properly dismissed. *See Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022) ("[W]ithout a predicate constitutional violation, there can be no *Monell* liability.").

## IX

Arvie also appeals on grounds that the district court did not expressly address some of his claims.

## A

Arvie argues that the district court abused its discretion when it dismissed his § 1983 suit before holding a *Spears*[12] hearing. Although his complaint requested this hearing, a district court is not required to conduct a *Spears* hearing before dismissing an *in forma pauperis* complaint. *See Green v.*

---

[12] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 24-30759

*McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *Birgans v. La.*, 411 F. App'x 717, 718 (5th Cir. 2011) (per curiam) (holding that the district court was not required to hold a *Spears* hearing prior to dismissing the *in forma pauperis* complaint). Arvie contends that a hearing was needed to delve into the facts surrounding the state-court proceedings. He amended his complaint twice, however, and he fails to show how a hearing would have strengthened his claims, or how it would have allowed him to overcome the defendants' immunity. We find no error in the failure to hold a *Spears* hearing.

B

Arvie contends that the district court abused its discretion by failing to assign "findings of fact" when it implicitly denied his request for a preliminary injunction. To secure a preliminary injunction, a plaintiff must establish, among other things, the likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Although his complaint requested preliminary injunctive relief, he did not request any specific relief. Because Arvie did not show that he would prevail on the merits of his underlying claims, the district court did not abuse its discretion in its implicit denial of a preliminary injunction. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

C

Arvie contends that the district court erred when it dismissed the suit against "unknown federal actors," but his complaint did not assert any claims against federal actors. Even though a section in the magistrate's recommendation was labeled "1983/Bivens," there was no other mention of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), nor was there any discussion of claims arising under *Bivens*. This argument lacks merit.

D

Arvie also argues that the district court erred in concluding that "public officers" were entitled to qualified immunity. The district court did not consider qualified immunity or dismiss any defendant on that basis. This argument has no merit.

X

Arvie also appeals the denial of his various motions.

A

Arvie argues that the district court erred in not allowing him to amend his second amended complaint. He claims these facts include information showing that certain defendants have discriminated against him since 1985, additional improper rulings by the judges, and undisclosed past relationships between the church defendants and other defendants. A district court must ordinarily offer a pro se plaintiff an opportunity to remedy perceived errors in his complaint before dismissing his case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). This opportunity is not warranted if the plaintiff's claims are clearly frivolous, *see Eason*, 14 F.3d at 9, or if he "has already pleaded his best case," *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (quotation marks omitted). Here, the district court denied Arvie's motion to amend because he had already amended his complaint twice, and the facts alleged in his proposed third amended complaint did not overcome the bases for dismissal of his claims. Arvie fails to show how the additional facts would have cured the defects in his second amended complaint. Because he had already pleaded his best case, the district court did not abuse its discretion in denying leave to amend.

B

Arvie argues that the district court erred in denying his motions for recusal and to vacate judgment. Contrary to Arvie's assertions, his conclusional allegations of ex parte communications involving unknown parties and bias would not cause a reasonable person to harbor doubts about the judge's impartiality. *See Republic of Panama v. Am. Tobacco Co.*, 265 F.3d 299, 302 (5th Cir. 2001) (per curiam) (WIENER & PARKER, JJ., dissenting from denial of petition for rehearing en banc); 28 U.S.C. § 455. Additionally, he fails to show that any of the district court's rulings were the result of personal bias, favoritism, or antagonism, or that such rulings were based upon knowledge acquired outside the judicial proceedings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). The district court did not abuse its discretion by denying Arvie's motions for recusal and to alter judgment.

C

Arvie contends that the district court erred in denying his motion for appointed counsel, but he fails to demonstrate the extraordinary circumstances required to justify the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). His claims are not complex and his pleadings show that he is literate and able to present his arguments to the court. *Id.* The district court's denial of his request for counsel was not an abuse of discretion.

XI

Finally, Arvie's second amended complaint also appears to assert claims under 42 U.S.C. §§ 1981, 1985(3), 1986, 1988, and 2201–2202, as well as state law claims. Because he does not press those claims here, he has forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

No. 24-30759

\*     \*     \*

The judgment of the district court is AFFIRMED.